## HOLMBERG et al. v. BEAUMONT et al.

### No. 4627.

District Court, D. Massachusetts.
June 23, 1939.

Thomas Hunt, Gaston, Snow, Hunt, Rice & Boyd, all of Boston, Mass., for plaintiff.

Bert E. Holland, of Boston, Mass., for defendant Ethel M. Beaumont.

Declan W. Corcoran, of Boston, Mass., for defendant Ella G. Fennessey.

Geo. B. Hayward of Boston, Mass., for defendants Joseph C. Walker and J. H. Frandsen.

Charles H. Morris, of Boston, Mass., for defendant Helen J. Gavin.

Paul F. Spain, of Boston, Mass., for defendant William P. Thompson.

William Reed Bigelow, of Boston, Mass., for defendants William B. Sprout and Margaret S. Clark.

BREWSTER, District Judge.

This complaint is brought by certain creditors of a joint stock land bank against stockholders in said bank, residents of Massachusetts, to enforce the statutory liability of stockholders. The suit is brought on behalf of these plaintiffs and all other creditors of the bank. Some of the defendants have moved to dismiss the complaint on several grounds. Those principally relied upon are (1) non-joinder of necessary parties; (2) laches.

The following material facts are alleged:

The Southern Minnesota Joint Stock Land Bank of Minneapolis (hereinafter referred to as the Bank) was organized under the laws of the United States (Act of July 17, 1916 and Act of March 4, 1923, 12 U.S.C.A. § 641 et seq.). The Bank was the result of a merger of two Minnesota Joint Stock Land Banks. Before the merger, each of the original banks had issued bonds in accordance with the provisions of the Federal Farm Loan Act which were, and now are, outstanding obligations and liabilities of the Bank. The plaintiffs are all holders of such obligation.

In May, 1932, the Federal Farm Loan Board declared the Bank insolvent and appointed a receiver who held office until February 1, 1934, when he was succeeded by another receiver appointed by the Farm Credit Administration.

On May 2, 1932, the Bank had an outstanding capital stock of $3,000,000, divided into 30,000 shares of the par value of $100. It also at that time was liable on over $21,000,000 of bonds outstanding. On that date the Bank was insolvent, and it is alleged that "the amount of its liabilities was on that date, and continues to be, in excess of its fair value, and the market value, of its assets, to an extent greater than the par value of its entire outstanding capital stock."

The defendants are all alleged to be holders of stock in the Bank on May 2, 1932. 34 defendants are named. Of these 13 have not been located, and 10 others are without assets and are unable to pay, and for that reason no assessment as against them is sought. It is also alleged that other Massachusetts stockholders of the Bank who have not been made parties to this proceeding have either paid or have settled their assessments. The sums received are being held by the receiver for the benefit of the creditors of the Bank under order of the United States District Court for the District of Minnesota.

About July 28, 1932, a suit in equity was brought in a Federal Court in Minnesota by creditors, in which proceedings the Court declared the Bank insolvent. It entered a decree that an assessment equal to 100% par value of the shares was necessary and that a receiver be appointed to collect such assessment and disburse same among the creditors of the Bank. Thereafter this receiver began actions at law against certain stockholders, resident in Massachusetts, who are defendants in this action. The plaintiffs state with considerable detail the history of this litigation in the Massachusetts court which proceeded successfully against the opposition of the defendants until the United States Supreme Court handed down, on January 3, 1938, its decision in the case of Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 82 L.Ed. 388. Whereupon the actions pending in the State Court were abandoned, and this suit brought by a bill of complaint filed April 25, 1938. An amended complaint was filed November 18, 1938, in which all the above facts were alleged. It is this amended bill of complaint that certain of the defendants ask to have dismissed.

The Federal Farm Loan Act (12 U.S.C.A. § 812) provides: "Shareholders of every joint-stock land bank organized under this chapter shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such bank to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares."

This statute has been considered by the courts in several cases. It is now settled that the liability arising from it cannot be enforced by a receiver appointed by the administrative authorities (Wheeler v. Greene, Receiver, 280 U.S. 49, 50 S.Ct. 21, 74 L.Ed. 160), or by a receiver appointed by the Court of another jurisdiction. Holmberg v. Carr, 2 Cir., 86 F.2d 727.

In Christopher v. Brusselback, supra, creditors of a Federal joint stock land bank located in Illinois brought a suit in the District Court of Southern Ohio to collect a 100% assessment of the statutory double liability of its shareholders, which had previously been decreed in a suit brought by the same creditors in the District Court for Northern Illinois, in which suit the Ohio stockholders were not served with process. The Court held that the Ohio stockholders were not bound by the Illinois adjudication, in their absence, of the Bank's insolvency and the amount of the assessment, the Court observing [300 U.S. 500, 58 S.Ct. 351, 82 L.Ed. 388]: "The obligation which the statute imposes upon the stockholders is personal, and petitioners can be held to respond to it only by a suit maintained in a court having jurisdiction to render a judgment against them in personam. As the liability of the stockholders is to pay the debts of the bank to creditors 'equally and ratably,' judicial determination of the inability of the bank to pay its debts and the amount to be assessed against the stockholders to meet the deficiency are prerequisites to the enforcement of liability, and are essential parts of the only cause of action which the statute gives to the creditors. It is plain that in such a suit the existence and extent of insolvency are facts, the allegation and proof of which cannot be dispensed with as to any stockholder unless, as between the parties to the suit, they are matters already adjudicated."

The plaintiffs, in the case at bar, have brought themselves within the rule laid down in the Christopher case by alleging insolvency and facts which, if proved, would clearly show that the maximum limitation of the statute would operate to determine the extent of liability of each stockholder. I do not find any authority which lends support to the defendants' contention that the failure to include the Bank or all stockholders is a fatal omission. This statutory liability is not an asset of the Bank, and its enforcement requires no corporate action. Since the liability of stockholders runs directly to creditors and not to the corporation, there would seem to be no ground for holding the Bank as an indispensable party. Wheeler v. Greene, supra; Christopher v. Brusselback, supra. See, also, United States v. Freeman, D.C., 21 F.Supp. 593. There can be no doubt that creditors may bring a class bill in equity on behalf of themselves and other creditors against such shareholders as are within the territorial jurisdiction of the Court where the suit is brought, and recover against them the ratable proportion per share of the deficiency between debts and assets of the Bank. Brusselback v. Cago Corp., 2 Cir., 85 F.2d 20; Holmberg v. Carr, supra. Obviously it would be necessary for the plaintiffs to allege and prove the equal and pro rata share of each defendant sued, but on the allegation of the present complaint there will be no difficulty in fixing the extent of each defendant's liability without violating the provisions of the statute relative to the equality and ratability of each individual's liability.

The defendants further contend that the plaintiffs have been guilty of laches in failing to assert their rights against these defendants in this Court before April 25, 1938. If we adopted, as a standard of due diligence, the Massachusetts statute of limitation, there would be no laches because the present suit was brought within six years after the fact of insolvency was established by the Federal Farm Loan Board and a little over three years after the Bank was declared insolvent by a Court of competent jurisdiction.

But delay for the statutory period does not always defeat a suit in equity. Delay, which is excusable and which is not prejudicial, will not bar relief in the equity court. The question of laches is

not determined so much by lapse of time as by the diligence of the plaintiff. A plaintiff who has vigorously and persistently pressed his claim, although he proceeded on an erroneous conception of his remedy, cannot be charged with laches. Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099; Central R. Co. of New Jersey v. Jersey City, D. C., 199 F. 237. Nuveen v. Board of Public Instruction of Gadsden County, Fla., 5 Cir., 88 F.2d 175.

Applying these precepts to the case at bar, these plaintiffs began, promptly after insolvency had been declared by the Federal Farm Loan Board, to enforce the statutory double liability of the stockholders by proceedings in Minnesota, and soon thereafter by proceeding in the Massachusetts Court against the defendants named in the present suit, or some of them. The litigation here was carried to the court of last resort of this Commonwealth where the creditors prevailed. Friede, Rec. v. William B. Sprout, Mass., 2 N.E.2d 549. The several suits in the State Court proceeded toward final adjudication on the merits until the decision in Christopher v. Brusselback, supra, was published in January, 1938. The present proceedings in this Court followed within a few months. Clearly, the facts alleged in the complaint precluded the defendants from establishing the defense of laches.

It follows from the foregoing that the defendants' motion to dismiss must be denied, and it is so ordered.