## HOLMBERG et al. v. CHRISTOPHER.
### No. 8132.

Circuit Court of Appeals, Sixth Circuit.

March 14, 1940.

Leonard A. Weakley, of Cincinnati, Ohio (Charles P. Taft and Leonard A. Weakley, both of Cincinnati, Ohio, William P. Patterson, of Dayton, Ohio, and Taft, Stettinius & Hollister, of Cincinnati, Ohio, on the brief), for appellants.

H. P. Williamson, of Dayton, Ohio (H. P. Williamson and A. P. Mercer, both of Dayton, Ohio, and Neal W. Hunter, of Jamestown, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This appeal presents two questions: (1) Whether appellants' amended petition stated a cause of action good as against demurrer, and (2) whether the District Court erred, after sustaining a demurrer to the amended petition, in refusing to permit an amendment.

The action arose out of the following facts: On May 2, 1932, the Federal Farm Loan Board declared the Southern Minnesota Joint Stock Land Bank of Minneapolis insolvent and took over the assets for liquidation. Thereafter, certain of the creditors filed a bill of complaint, seeking to have an assessment levied by the United States District Court for the District of Minnesota against all stockholders under the provisions of the Federal Farm Loan Act, 12 U.S.C., chapter 7, 12 U.S.C.A. § 641 et seq. Under section 812 of this statute, the shareholders of joint stock land banks are held individually responsible equally and ratably, and not one for another, for all debts of such banks to the extent of the amount of stock owned by them at par value in addition to the amount paid in and represented by their shares.

All stockholders of the bank were made parties to the action in Minnesota, including the appellee's decedent, Sallie Christopher, but no service of process was made upon her nor did she enter her appearance. The District Court of Minnesota levied an assessment of 100% on all of the stockholders of the bank and entered judgment against all stockholders before the court. Holmberg v. Southern Minnesota Joint Stock Land Bank, D.C., 10 F.Supp. 795.

Thereafter appellants, who as creditors brought the action in Minnesota, presented a claim for payment of the liability to the appellee as executor of Sallie Christopher. The claim was rejected, and this action was then filed, praying for a judgment enforcing the decree of the District Court of Minnesota. The petition was amended to set forth the decree and order of the District Court, and also contained the following allegation: "That on or before the 2nd day of May, 1932, Southern Minnesota Joint Stock Land Bank of Minneapolis was, and at all times since has been, and now is, insolvent and unable to meet its obligations; that the value of the assets of said Bank at such times has been, and is now, far less than the amount of its outstanding contracts, debts and engagements; that the amount of the liabilities of said Bank on the date mentioned exceeded, and continues to exceed the fair value and market value of its assets, in an amount greater than the par value of the capital stock outstanding."

The appellee demurred to the petition, and the court sustained the demurrer upon the authority of Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 352, 82 L.Ed. 388. The appellants made a motion for leave to file an amended petition, which the court overruled upon the ground that appellants were not entitled to plead further.

We think the court erred in sustaining the demurrer. In Christopher v. Brusselback the court held that a bill againt stockholders seeking to collect an assessment decreed in another suit, which showed on its face that though named as defendants, the stockholders had not been served with process in the first suit and omitted to allege the existence and extent of insolvency of the bank, failed to state a cause of action. The Supreme Court declared that the personal obligation which the statute imposes upon the stockholders can be enforced only in a suit maintained in the court having jurisdiction to render a judgment against them in personam, and also stated: "As the liability of the stockholders is to pay the debts of the bank to creditors 'equally and ratably,' judicial determination of the inability of the bank to pay its debts and the amount to be assessed against the stockholders to meet the deficiency are prerequisites to the enforcement of liability, and are essential parts of the only cause of action which the statute gives to the creditors."

Such averments were made in the amended petition, and the action was filed in a court having personal jurisdiction over the decedent. Insolvency of the bank was squarely averred, and the allegation that the amount of the liabilities of the bank on May 2, 1932, exceeded and continues to exceed its assets in an amount greater than the par value of the capital stock outstanding, if proved, would enable the court to determine the amount of assessment necessary. The fact that the action was begun as an action at law, and that the second amended petition proffered set forth a suit by appellants as a class suit, representative of all creditors and praying for equitable relief, is immaterial. Basically the same cause of action was pleaded both in the amended petition and in the amendment proffered after the sustaining of the demurrer. It was an action by creditors of an insolvent bank, seeking to enforce against the stockholders the obligation imposed upon them by the federal statute. Every allegation necessary to determination of the essential issues was present in the amended petition and was amplified in the petition proffered to the court after the demurrer had been sustained.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.