In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1030

RICHARD J. ANDERSON,

*Plaintiff-Appellant,*

*v.*

WEINERT ENTERPRISES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:18-cv-00901 — **William C. Griesbach**, *Judge.*

ARGUED SEPTEMBER 21, 2020 — DECIDED JANUARY 28, 2021

Before WOOD, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Ample ink has been spilled discussing class action litigation and Federal Rule of Civil Procedure 23. Rare are the cases analyzing the Rule's numerosity requirement. This is one of those cases.

Richard Anderson worked in northeast Wisconsin for a local roofing company called Weinert Enterprises. Following a dispute with the company over how Weinert calculated

overtime wages, Anderson brought suit in federal court in Wisconsin. After his collective action under the Fair Labor Standards Act failed to attract enough employee support, Anderson withdrew the federal claim. But he still sought to pursue Wisconsin state law claims as a class action. The district court determined that Anderson's proposed class would include no more than 37 members and, after finding that joinder of those 37 members was not impracticable, denied the class certification motion for failing to meet Rule 23's numerosity requirement. We affirm.

**I**

Richard Anderson worked as one of Weinert's handful of seasonal employees. Although the company maintained a physical shop, employees worked mostly at job sites in the Green Bay area. Because employees sometimes lived closer to a job site than the shop, Weinert offered its employees the option to drive on their own to the project location or to carpool from the shop using a company truck. If employees chose the company carpool, Weinert paid travel time at time-and-a-half the minimum wage rate. Because Weinert already paid travel time this way, it did not count travel time hours toward an employee's 40-hour work week when calculating other overtime hours. For example, if an employee accumulated six hours of travel time and worked 40 hours at the job site, the employee would not receive any overtime pay for the job site work. This matters to Anderson because Weinert paid more than minimum wage for job site work, meaning overtime wages for job site work would be higher than what employees received for travel time.

Anderson sued Weinert alleging that this policy violated the Fair Labor Standards Act and Wisconsin labor laws.

Anderson initially sought to litigate his federal FLSA claim as a collective action, see 29 U.S.C. § 216(b). After only three other employees joined the action (only one of whom did so timely), Anderson moved for leave to amend his complaint and convert the collective action into an individual FLSA action, which in time settled.

Having failed to generate enough support to sustain a collective action for his FLSA claim, Anderson focused his efforts on his state-law claims and certifying a class under Federal Rule of Civil Procedure 23. Anderson defined the proposed class as consisting of "[a]ll hourly employees who worked on the jobsite for the Defendant on or after June 14, 2016."

At the time he moved for class certification in April 2019, Anderson had identified 37 former or current Weinert employees to include in the class. He also requested that the district court include all employees Weinert expected to hire for the 2019 season.

The district court denied class certification, first finding that any employees hired in a future period (foremost the 2019 summer season) could not be included in the class, especially given that Anderson did not seek any injunctive relief.

Having limited the class size to the 37 employees who worked for Weinert between June 14, 2016 and December 31, 2018, the district court then determined that Anderson had failed to show that joinder of these employees in a single lawsuit (with multiple named plaintiffs) would be impracticable, as required by Rule 23(a). Anderson had not identified any difficulty in locating or contacting potential class members. Going further, the court found that all but two of the potential class members lived "within a 50-mile radius in the Eastern

District of Wisconsin"—illustrating that the class lacked the geographical spread that other courts have found rendered joinder impracticable.

Finally, the district court rejected Anderson's contention that the small damages awards available under Wisconsin law for any successful plaintiff eliminated an individual employee's incentive to sue Weinert. Prevailing under the Act, the court explained, allowed a plaintiff to recover attorneys' fees and costs, thereby offsetting some of the disincentive created by the small damages available. Even more, the district court explained that the numerosity requirement focuses on whether joinder would be impracticable, not whether each potential class member could bring a separate lawsuit. Because joining a relatively small number of local plaintiffs was feasible, the court denied class certification.

Anderson now appeals.

## II

### A

Class actions claim a long history in English and American jurisprudence having developed in the courts of equity as a way of allowing multiple individual plaintiffs to pool their claims for prosecution. See *Christopher v. Brusselback*, 302 U.S. 500, 505 (1938) (describing the equitable roots of representative suits); *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 363 (1921), overruled on other grounds by *Toucey v. New York Life Ins. Co.*, 314 U.S. 118 (1941) ("Class suits have long been recognized in federal jurisprudence."). In basic definitional terms, a class action is "a lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger group." *Class Action*, BLACK'S LAW

DICTIONARY (11th ed. 2019). But class actions remain the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).

Federal Rule of Civil Procedure 23(a) imposes the requirements that all putative classes must meet before a court can certify a class. Courts and practitioners alike shorthand these basic prerequisites as numerosity, commonality, typicality, and adequacy of representation. See FED. R. CIV. P. 23(a); *Wal-Mart*, 564 U.S. at 349.

The focus here is on numerosity. Anderson must show that his proposed "class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). While "impracticable" does not mean "impossible," a class representative must show "that it is extremely difficult or inconvenient to join all the members of the class." 7A C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1762 (3d ed.). Mere allegations that a class action would make litigation easier for a plaintiff are not enough to satisfy Rule 23(a)(1). As the party seeking class certification, Anderson bears the burden of proving by a preponderance of evidence that his proposed class is sufficiently numerous. See *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 433 (7th Cir. 2015).

Our cases have recognized that "a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) (quoting *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 859 (7th Cir. 2017)). But a class of 40 or more does not guarantee numerosity. See *Pruitt v. City of Chicago*, 472 F.3d 925, 926

(7th Cir. 2006) (recognizing that "[s]ometimes 'even' 40 plain-
tiffs would be unmanageable").

The key numerosity inquiry under Rule 23(a)(1) is not the
number of class members alone but the practicability of join-
der. Answering that question requires evaluation of "the na-
ture of the action, the size of the individual claims, and the
location of the members of the class or the property that is the
subject matter of the dispute." WRIGHT & MILLER, *supra*, at
§ 1762. Though Anderson's putative class of 37 comes close to
crossing the benchmark numerosity threshold, a closer look
at the circumstances of the likely class members and the na-
ture of the claim at issue under Wisconsin law persuades us
that Rule 23(a)(1) is not satisfied.

B

The district court applied this exact framework and deter-
mined that Anderson failed to show it would be impracticable
to join approximately 37 class members. In doing so, the court
considered the proposed class's geographic dispersion, over-
all size of the class, small dollar amounts involved with each
individual claim, and Anderson's ability to easily contact the
class members. We cannot say the district court abused its dis-
cretion in deciding that these factors weighed against certify-
ing the class.

All but two of the class members lived within a 50-mile
radius of the courthouse in the Eastern District of Wisconsin
where Anderson filed suit. And Anderson presented no evi-
dence showing that coordinating with the two out-of-state
class members would present such difficulties that joinder of
approximately 40 local employees of a small roofing company
would be impracticable. Nor did the district court err in

acknowledging that statutorily authorized attorneys' fees would lower the barrier to suit caused by the small damage awards at stake in the case.

We also cannot say that the district court's decision to exclude any seasonal employees Weinert hired in 2019 reflected error. To be sure, the district court may have been mistaken in labeling these 2019 hires as "future class members" instead of "unidentified class members." Regardless, Anderson, who shoulders the burden of illustrating the propriety of class certification, failed to present the court with any definitive evidence showing that Weinert hired seasonal employees in 2019. This shortcoming is especially notable given that the district court did not decide the class certification motion until August 2019, well into Weinert's typical hiring season. It is true that Anderson showed that Weinert hired between 8 and 12 seasonal employees each of the previous three years. And while the district court reasonably could have inferred from this that Weinert would take on a similar number of employees in 2019, it did not abuse its discretion by declining to make this inference in the face of Anderson's sparse evidentiary showing. See *Orr*, 953 F.3d at 498 (affirming district court finding of commonality "[a]lthough others may have seen things differently").

Our reasoning does not require a plaintiff to identify the exact number of class members at the certification stage. See *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). But in order to have any 2019 hires included in the proposed class and related numerosity analysis, it was not unreasonable for the district court to conclude that Anderson needed to do more than speculate about how many employees Weinert

would (or, in fact, did) hire for the 2019 season. See *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).

Anderson claims that any failure of proof should be attributed to Weinert, asserting that the company failed to update its initial discovery disclosures. Anderson did not raise this point in the district court, though. Nor does the record indicate he sought this information from Weinert or requested the district court's assistance in obtaining any discovery. As the party with the burden of proof, Anderson needed to attend diligently in the district court to the demands of Rule 23. See *Marcial*, 880 F.2d at 957 (explaining that a plaintiff "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity") (citing *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976)).

An alternative observation warrants underscoring. Even if Anderson's proposed class encompassed potential or actual 2019 hires and therefore would have included a few more than 40 employees, a putative class over 40 is not inevitably endowed with numerosity status. The obligation imposed by Rule 23(a) remains: a plaintiff seeking to certify a class must show that joinder would be impracticable. Anderson failed to make this showing. He never demonstrated that naming as plaintiffs each of the predominantly local, current, and former employees of a northeast Wisconsin roofing company would be impracticable. The district court did not abuse its discretion in evaluating the practicability of joinder based on the evidence before it.

### III

Our holding imposes no immovable benchmarks for meeting Rule 23(a)'s numerosity requirement. Though we have recognized that 40 class members will often be enough to satisfy numerosity, in no way is that number etched in stone. The controlling inquiry remains the practicability of joinder. Some classes may involve such large numbers of potential members that volume alone will make joinder impracticable. In other circumstances, it may be that smaller classes than the one proposed here will face such high barriers to joinder that the impracticability required by Rule 23(a)(1) will exist. The inquiry is fact and circumstance dependent, and future cases will require this careful line drawing.

With this closing observation, we AFFIRM.