Meriwether v. Atkin.

---

## HUNTER L. MERIWETHER, Appellant, v. W. W. ATKIN, Respondent.

### Kansas City Court of Appeals, May 3, 1909.

**VOLUNTARY ASSOCIATION: Partnership: Member's Liability: Agency.** Defendant was president of a Lodge of Eagles, and was approached by plaintiff who was erecting a building with a view of renting the lodge the third floor of the building. He agreed to present the matter to the lodge and have a committee appointed to take the matter up, and did so; after conference with the committee, the plaintiff addressed a proposition to the lodge at its meeting in the absence of the defendant, the lodge accepted the proposition and authorized a lease; at the next meeting of the lodge, while the defendant was present, the minutes were read and approved. *Held*:

(1) Such association does not account to a partnership, and the individual members are liable by reason of their own action, or those of their agent. And agency is not implied from the mere fact of association but must be proved and a member must concur or subsequently approve the action.

(2) Defendant being absent did not concur in the action of the lodge when it ordered the lease.

(3) The reading and approval of the minutes when defendant was present did not amount to an approval so far as he was concerned.

(4) *Held*, further, that there is no evidence of defendant's agent concurring in or approving the lodge's action.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Geo. H. English, Jr.,* for appellant.

(1) ˙ The plaintiff made a case sufficient to go to the jury, even if the defendant was not a participant in the particular meeting at which the minutes showing the adoption of the contract in question were approved. Ferris v. Thaw, 5 Mo. App. 279; Ferris v. Thaw, 72 Mo. 446; Richmond v. Judy, 6 Mo. App. 465; Insurance Co. v. Burkett, 72 Mo. App. 1; Heath v. Goslin, 80 Mo. 310; Riffe v. Proctor, 99 Mo. App. 601.   (2)   The court erred in excluding the minutes of the meetings of October 22 and October 29, and the roll of officers, which tended to show defendant's assent to the execution of the contract in question.   17 Cyc., 405; Wigmore, Ev., section 437; Grain Co. v. Grain Co., 119 Mo. App. 119; Iron Co. v. Insurance Co., 118 Mo. App. 85; Pope v. Railway, 99 Mo. 400; Hastings v. Railroad, 58 Mo. 302. (3)   The following cases are the only ones found in this State which treat of the liability of members of unincorporated societies (not for profit) to their creditors: Ferris v. Thaw, 5 Mo. App. 279; Ferris v. Thaw, 72 Mo. 446; Richmond v. Judy, 6 Mo. App. 465; Insurance Co. v. Burkett, 72 Mo. App. 1; Heath v. Goslin, 80 Mo. 310; Riffe v. Proctor, 99 Mo. App. 601.

*Scarritt, Scarritt & Jones,* for respondent, filed argument.

BROADDUS, P. J.—This is a suit for alleged violation of contract.   In 1903 plaintiff was the owner of certain real estate in Kansas City, Kansas, upon which he intended to erect a three-story building.   The defendant was the presiding officer of an unincorporated association known as Wyandotte Aerie No. 87, Fraternal Order of Eagles, which had a lodge room in Kansas City, Kansas.   Plaintiff's evidence tended to show that negotiations were entered between plaintiff and defendant with the object on plaintiff's part of constructing the

third floor of his proposed building as a lodge room for the occupancy of defendant's lodge. Defendant told plaintiff he would place the matter before the lodge and would appoint a committee to take up the matter with him. At a meeting of the lodge, the defendant called its attention to the plaintiff's proposition and appointed a committee of three of the members, to-wit, O. L. Turner, John Quinn and J. L. Carlisle, which committee had a meeting with plaintiff in reference to the proposition. Plaintiff then caused his architect to prepare sketches to accord with the suggestions of the committee. Afterwards, plaintiff addressed the following letter to the chairman of the committee:

"Oct. 21, 1903.

"Mr. J. L. Carlisle,

"Member of Com. of Lodge of Eagles,

"Kansas City, Kan.

"Dear Sir: I propose to erect on my property at the corner of Minnesota avenue and Nugent street a building in accordance with plans shown to your committee. I submit herewith a sketch of the third floor with gallery and roof-garden according to the ideas indicated by your committee. I propose to lease you this entire third floor and roof-garden for a period of five or ten years at eighty ($80) dollars per month. Please have this matter acted upon promptly by your lodge and let them say definitely whether or not they will accept the proposition.

"This building is to be a first-class structure with ornamental dark brick front. The stairway is to be wide and easy.

"Yours truly,

"H. M. MERIWETHER."

The sketch mentioned accompanied the letter. In answer to this communication, plaintiff received the following:

"Kansas City, Kan., Oct. 22, 1903.
"Mr. H. M. Meriwether,
     "617 N. Y. Life Bldg.,
         "Kansas City, Mo.
    "Dear Sir:   By the unanimous vote of Aerie the
proposition contained in yours of the 21st inst. ad-
dressed to Mr. J. L. Carlisle is accepted and the Trustees
authorized to make the contract for five year's lease with
privilege of ten years.    There may be a few minor de-
tails to change in plans.    We would like to know some-
thing definitely when the building will be ready for oc-
cupancy, so that our relations with the owners of our
present quarters can be determined."

    This paper was signed by the members of the "Com-
mittee on Hall" and by the trustees of the lodge.    The
minutes of the lodge show that the plaintiff's written
proposal was submitted to the lodge at a regular meet-
ing held October 22, 1903, and that the committee was
authorized to accept plaintiff's proposal and to enter
into a contract with plaintiff for a lease of the third
floor of said building.    The defendant was not at this
meeting of the lodge, but he was present at the subse-
quent meeting when the minutes of the former were read
and approved.

    At the close of the plaintiff's case, the defendant
submitted a demurrer to his evidence which was over-
ruled, but, subsequently, after defendant had introduced
certain evidence, the court of its own motion struck out
all of the defendant's evidence and instructed the jury
to find for defendant, at which state of the proceedings
plaintiff took nonsuit and was granted leave to move to
set it aside.    The plaintiff filed his motion to set aside
the nonsuit, which the court overruled and rendered
judgment for defendant.    Plaintiff appealed.

    The plaintiff brings his case here upon the theory
that under the law he was entitled to a judgment upon
the established facts.    The plaintiff relies on certain de-

cisions of the appellate courts of the State to sustain his theory to which we will call attention.

In Ferris v. Thaw, 5 Mo. App. 279, it is said that "Where certain persons, organized as a club, expressly authorize their presiding officer to execute a note in the name of the club, the note, when made, to be used in making purchases for the use of the club, and the note is executed and the purchase made in accordance with such direction and authorization, those persons who thus authorized the use of the club name became partners as to this particular transaction, and are each individually liable on the note to the person who advanced the money thereon, under the name assumed by them." The case was appealed to the Supreme Court and the decision was affirmed. 72 Mo. 446. "Associations and clubs, the objects of which are social or political and not for purposes of trade or profit, are not partnerships, and pecuniary liability can be fastened upon individual members thereof only by reason of their acts or the acts of their agents, and agency is not implied from the mere fact of association, but must be proved. . . . Individual members of such a club are liable for work done with their concurrence or subsequent approval, where credit was given to members of the club." [Richmond v. Judy, 6 Mo. App. 465.] The members of a voluntary association of individuals, organized for educational purposes, which contracts for the services of a teacher, are personally liable for her wages, in the absence of any agreement or understanding of the parties to the contrary." [Heath v. Goslin, 80 Mo. 310.] In Riffe v. Proctor, 99 Mo. App. 601, this court cited with approval Ferris v. Thaw and Richmond v. Judy, supra.

Recognizing as we do the soundness of the rules announced in the foregoing cases and applying them to the facts of this case, we are not persuaded that they sustain plaintiff's theory. It will be perceived that liability can be fastened upon the members of a voluntary association only by reason of their acts or those of their

agents, as is said in Richmond v. Judy and other cases referred to. The testimony, in our opinion, does not disclose any act of the defendant by which he authorized the society or the committee appointed by him to enter into a contract for a lease of the premises in question. The testimony goes only to the extent that, when plaintiff approached him for the purpose of making an arrangement with the lodge for a lease, he consented as its presiding officer to call the matter up in the lodge and appoint a committee for the purpose of conferring with the plaintiff in relation thereto. He was not present when the lodge afterwards met when it received the report of said committee and accepted plaintiff's written proposal for a lease. All that he did in the matter was to appoint a committee to confer with the plaintiff. The committee was not authorized by him to enter into any contract for a lease of the premises, nor was it so authorized by any other authority. They were not agents for any one for that purpose until the subsequent meeting at which defendant was not present, when a vote of the lodge gave the committee such authority. But it is contended that when the lodge met and approved the minutes of the latter meeting, the defendant being present, he ratified the action of the lodge which authorized the committee to enter into a contract for a lease. We can conceive no good reason for such a conclusion. The action of the lodge in approving the correctness of the minutes as kept by its secretary at the former meeting was, in itself, in no sense a ratification by its members of what had been done at the time, but was merely their assent that the secretary had kept a correct record thereof. It would not bind a member who had not given his assent to anything that he had refused to approve, although he might say that a proper record had been kept of what did in fact occur. If a member present, not assenting, would not be bound, for a still stronger reason, one who was absent would also not be bound under the circumstances. While the individual members who

voted to accept plaintiff's proposition for a lease may have bound themselves as such individuals by reason of the fact that their assent was reduced to writing by the clerk in recording their votes to that effect, we do not so decide because it is not a question in the case. We are of the opinion that the plaintiff cannot recover against the defendant for the reason that it was not shown that defendant either by himself or by any one authorized so to do agreed in writing to execute a lease. The cause is affirmed.