## SUN CHONG LEE v. UNITED STATES.
### No. 9726.

Circuit Court of Appeals, Ninth Circuit.
Jan. 16, 1942.

---

E. J. Botts, of Honolulu, T. H., and Herbert Chamberlin, of San Francisco, Cal., for appellant.

Angus M. Taylor, Jr., U. S. Atty., and Jean Vaughan Gilbert, Asst. U. S. Atty., both of Honolulu, T. H., and Frank J. Hennessy, U. S. Atty., and Louis Mercado, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The question presented by this appeal is: Does the indictment upon which appellant was convicted charge a crime in either of the two counts contained therein?

18 U.S.C.A. § 399 provides that it is a felony for any person to induce a woman to go from one place to another in any Territory for the purpose of prostitution "and who shall thereby knowingly cause * * * such woman * * * to go and to be carried or transported as a passenger upon the line or route of any common carrier * * * in * * * any Territory * * *". The first count of the indictment was based on that statute, and with respect to transportation charged that appellant caused a woman to be transported from one place in the Territory of Hawaii to another place therein "as a passenger upon Inter Island Airways, Ltd. * * * *"

The second count charged a violation of 18 U.S.C.A. § 398 by the same transaction mentioned in the first count.

Appellant's demurrer to the indictment was overruled and the only error alleged relates to the action of the trial court in overruling such demurrer.

It is first contended that Count 1 of the indictment is defective because it fails to allege that Inter Island Airways, Ltd., was a "common carrier". The point does not appear to have been decided, although an indictment charging transportation "by means of a certain motor vehicle, to wit, an automobile" has been held to be insufficient. Alpert v. United States, 2 Cir., 12 F.2d 352, 354. We think the contention should not be sustained. The indictment informs appellant what was intended to have been charged and what he must be prepared to meet. In view of the demurrer, the record will show that a violation of 18 U.S.C.A. § 399 was intended to be charged, so that he may not again be convicted for the same offense. We think that is sufficient. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Behrman, 258 U.S. 280, 288, 42 S.Ct. 303, 66 L.Ed. 619. Evidently the air line was proven to be a common carrier at the trial, so the defect, if any, was one of form. 18 U.S.C.A. § 556.

The other contention of appellant is that neither count charges a crime because the statutes relied on do not apply to the Territory of Hawaii. The contention is based on 18 U.S.C.A. § 403, which provides in part: "The term 'Territory,' as used in sections 397 to 404 of this title, shall include the District of Alaska, the insular possessions of the United States, and the Canal Zone * * *."

It is argued that thereby the Territory of Hawaii was excluded. We think there is no merit in this argument. Both statutes, upon which the indictment was based, cover transportation "in any Territory" which would include Hawaii because it was a "Territory" when such statutes were enacted. Section 403 merely brings, within the reach of the act, transportation in those places belonging to the United States which were not then "Territories", that is, "the District of Alaska, the insular possessions of the United States, and the Canal Zone".

Affirmed.