### FARMERS CO-OP. OIL CO. v. SOCONY-VACUUM OIL CO., Inc., et al.
### No. 12369.

Circuit Court of Appeals, Eighth Circuit.

Dec. 28, 1942.

Frazer & Popkin and Alan J. Stone, all of Detroit, Mich., for appellants.

McLeod, Fixel & Fixel, of Detroit, Mich., for appellee.

Before ALLEN, HAMILTON and McALLISTER, Circuit Judges.

Edward E. Baron, of Sioux City, Iowa (E. G. Dunn and Dunn & Danforth, all of Mason City, Iowa, Leonard Simmer, of Ottumwa, Iowa, and Neal J. Huff, of Chicago, Ill., on the brief), for appellant.

David T. Searls, of Chicago, Ill. (Gene M. Woodfin, of Houston, Tex., R. L. Wagner and John C. Zwick, both of Chicago, Ill., Leon E. Isaksen, of Madison, Wis., S. A. Mitchell, of Chicago, Ill., R. D. Shewmaker, of St. Louis, Mo., Henry C. Shull, of Sioux City, Iowa, Vinson, Elkins, Weems & Francis, of Houston, Tex., Thomas, Orr & Isaksen, of Madison, Wis., Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., and Shull & Marshall, of Sioux City, Iowa, on the brief), for appellees.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment sustaining defendants' motion to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff, Farmers Co-operative Oil Company, is a corporation operating under Chapter 390.1 of the Code of Iowa. Its place of business is at Sheldon in the

Northern District of Iowa. The defend-ant corporations are among those convicted in the district court of Wisconsin for a conspiracy in violation of § 1 of the Sherman Anti-Trust Act, 26 Stat. 209, 50 Stat. 693, 15 U.S.C.A. §§ 1–7, 15 note; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

The plaintiff seeks to recover in its own name and in its own right as a result of said conspiracy treble damages for itself and its 700 members under 15 U.S.C.A. § 15.

The allegations of the complaint necessary to understand the questions presented may be briefly stated. The indictment and judgment of conviction in the Socony-Vacuum Oil Co. case, supra, are set out and it is alleged that by reason of the conspiracy therein involved the plaintiff and its members, or stockholders, suffered damages in the amount of $32,199.30 in that they had been illegally compelled to pay an extra 2¼ cents per gallon on 1,251,403 gallons of gasoline purchased by plaintiff for itself and for its members from March 6, 1935, to December 22, 1936. Plaintiff purchased the gasoline and furnished its members a supply for their individual needs at the increased price, and each individual member of the corporation "sustained a loss by reason of the illegal acts" of the defendants.

It is further alleged "that the amount paid by each individual member is relatively small; that the members are so numerous that it is impossible for each to prosecute his action against these Defendants for the damages sustained by reason of the conspiracy of which they have been convicted; that the expense of individual suits by the individual members of this association would prohibit the individual members from prosecuting an action against these defendants."

The names of the members and their places of residence are not stated. The number of gallons of gasoline used by the plaintiff and by its members individually is not stated. Only the aggregate number of gallons used by all parties for whom it is sought to recover is stated, and only the aggregate amount of damages sustained by all of them is alleged. Judgment is asked for threefold such aggregate damages in the total amount of $96,597.90.

The plaintiff contends that the court erred in dismissing its complaint in three particulars: (1) In holding that a co-operative corporation cannot maintain an action for damages to its members; (2) in dismissing plaintiff's individual cause of action; and (3) in holding that the complaint does not allege a proper class suit under Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The complaint avers that each individual member of the corporation sustained a loss by reason of the illegal acts of the defendants; and § 15 of the Anti-Trust Act declares that "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor * * * and shall recover threefold the damages by him sustained." In the instant case, therefore, the right of action belongs to the member customers of the plaintiff. Twin Ports Oil Company v. Pure Oil Co., 8 Cir., 119 F.2d 747.

■ The contention that an Iowa co-operative corporation can by virtue of its co-operative nature maintain an action for damages sustained by all of its members individually but as a group is without merit. Rule 17(a) of the Rules of Civil Procedure provides that "Every action shall be prosecuted in the name of the real party in interest." Section 8512.07 of Chapter 390.1 of the Code of Iowa grants co-operative corporations the right "To exercise any power * * * granted to ordinary corporations, save such as are inconsistent with this chapter." Section 8341 of the Code provides that ordinary corporations shall have power "To sue and be sued by its corporate name." But the statute nowhere authorizes a co-operative corporation to sue in its corporate name upon causes of action owned individually by its stockholders or members. Plaintiff relies upon Baltimore & Potomac R. R. Co. v. Fifth Baptist Church, 108 U.S. 317, 2 S.Ct. 719, 27 L.Ed. 739, and United Mine Workers v. Coronado Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. Neither of these cases is in point. The first holds only that an incorporated church may sue for damages to the value of its property, and the second that nine receivers for nine different corporations may join as plaintiffs in a suit against the same defendant to recover damages resulting from the same illegal act.

■ Plaintiff's second contention, that it is entitled, under the allegations of the complaint, to recover upon its individual

cause of action, is equally without merit. The complaint nowhere alleges the use of a particular amount of gasoline by the plaintiff in its own business nor any particular amount of damages sustained by it. Defendants concede that plaintiff has a right to maintain an action for any damages sustained by it in its own business; but the allegations of the complaint fail to state any basis upon which individual relief can be granted. Rule 8(a), Rules of Civil Procedure.

The plaintiff contends in the third place that if it cannot sue for damages to its members as a group by reason of its relation to them as head of a kind of statutory co-operative family, it may represent them in a class suit under Rule 23(a) (3) of the Rules of Civil Procedure. [1] This contention, we think, involves an erroneous construction of the rule. To sustain it plaintiff relies upon Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84; Alabama Independent Service Station Ass'n, Inc. v. Shell Petroleum Corporation, D.C.Ala., 28 F. Supp. 386; and Independence Shares Corporation v. Deckert, 3 Cir., 108 F.2d 51, rev. sub nomine, Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189, 2d appeal, sub nomine, Pennsylvania Co. for Insurance on Lives and Granting Annuities v. Deckert, 3 Cir., 123 F.2d 979.

In the Weeks case, supra, two jobbers sued to recover damages caused by the same conspiracy complained of in the present case. The plaintiffs alleged that they were suing as representatives of a class of approximately 900 jobbers. The suit was dismissed on motion on the ground that it was not a class suit under Rule 23(a) (3), supra. The appellate court reversed with directions, saying: "Its dismissal as a class suit, we think was right. But it does not follow the suit should have been dismissed as to plaintiffs, who, individually, have stated a good cause of action against defendants." [125 F.2d 95.] The dismissal as a class suit was sustained on the ground that the plaintiffs did not adequately represent all the jobbers. The plaintiff in the instant case relies upon dicta in the opinion of the appellate court, such as, "Strong and persuasive reasons favor the extension of the class suit theory to include a suit to vindicate the rights of several persons contemporaneously injured by a criminal conspiracy effectuated by the same conspirators and directed against a specific class of individuals." Among the reasons suggested by the court is the fact that a conspiracy is a single wrong, giving rise to a statutory cause of action in which many persons have the identical cause of action, but varying in the scope of damages to each.

In the Alabama case, supra [28 F.Supp. 390], the court permitted a number of operators of gasoline service stations to sue on behalf "of all of the similarly situated parties described in the complaint" to recover damages resulting from a violation of the anti-trust laws, adding, "However, for the recovery of damages, each member of the class must intervene to assert and prove such damages to himself."

The Independence case, supra, is authority only for the statement that where numerous persons are interested in common questions of law or fact affecting the several rights of many individuals, "Common relief may be sought despite the fact that individuals may recover separate judgments different in amounts." [108 F.2d 55.]

We think counsel for plaintiff have misconstrued the dicta in these cases, or have been misled thereby, and have wrongly construed Rule 23(a) (3). At any rate, we do not agree with the construction placed upon the rule by plaintiff. Dean Clark, now Judge Clark, a member of the Advisory Committee appointed by the Supreme Court to assist in drafting the new

---

[1] "Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

rules, speaking before the Institute on Federal Rules of Civil Procedure held at Washington, D. C., in 1938, said:

"Rule 23, Class Actions, represents an attempt which we have made to state the general equity rule of representative suits. * * * What we are trying to do is to classify the different forms of representative suit.

"The first [clause, 23(a) (1),] is the case of a joint, common, or derivative right. * * * The second [clause, 23(a) (2),] deals with the adjudication of claims to property. The third [clause, 23(a) (3),] is sometimes referred to as the spurious class suit, and is only a limited form of general joinder. To use terms sometimes applied, one is the true class suit; two is the hybrid class suit; and three is the so-called spurious class suit. The first two are really the proper cases of class suits, where the suing by the representative really should be binding and res adjudicata on those who are represented. In (3) it is not binding and this is, as I say, merely a short cut to cases where joinder is permissive."

The explanations, and the cases cited, in the Notes to the Rules are consistent with this statement.

In the present case the rights, that is the causes of action sought to be enforced, are several, and there exist common questions of law and fact; but it cannot be said that common relief is sought. The damages sought to be recovered for plaintiff and its several stockholders are different. This case is an example of cases allowing permissive joinder in which the claim of each member of the class must be alleged. The judgment of dismissal in this case, if permitted to stand, will not be binding upon plaintiff's stockholders. As said by the Supreme Court in the case of Hansberry v. Lee, 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22, 132 A.L.R. 741: "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565." The exception to this principle is the representative or class suit. Supreme Tribe of Ben-Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L. Ed. 673; Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 82 L.Ed. 388; Plumb v. Goodnow's Administrator, 123 U.S. 560, 8 S.Ct. 216, 31 L.Ed. 268. Since in the present case the rights of the plaintiff and of its stockholders are not identical, it cannot be said that they belong to the same class nor that the plaintiff can act for them. "Common relief" is not the object of the suit as would be the case were an injunction its purpose. See Clark on Code Pleadings, § 63, pp. 280, 281; Pennsylvania Co. for Insurance, etc., v. Deckert, 3 Cir., 123 F.2d 979, 983; Everglades Drainage League v. Drainage District, D.C.Fla., 253 F. 246, 252; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Company of America, Inc., 8 Cir., 131 F.2d 419, decided November 2, 1942.

■■ The plaintiff and its stockholders are not prejudiced, as plaintiff contends, by the holding that a class suit under Rule 23(a) (3) is not the proper proceeding in which to obtain relief. They may proceed under Rule 20(a), which provides for permissive joinder.

We agree with the conclusion of the district court that the complaint fails to state a claim upon which relief can be granted. It is obvious, however, from reading the complaint that the plaintiff and its stockholders claim to have individual rights of action against the defendants, all of which depend upon common questions of law and fact; and that they have erred only in their attempt to plead such rights of action. For this reason we think the court erred in dismissing the complaint without granting leave to amend. The case is therefore remanded with instructions to modify the judgment appealed from by granting plaintiff a reasonable time in which to amend the complaint, if it is so advised, by setting out its own cause of action and the causes of action and damages sustained by as many of its stockholders as may elect to join as parties plaintiff, and for further proceedings consistent with this opinion.

Modified and remanded.