### JACKMAN v. UNION PAC. R. CO.

### No. 2067.

District Court, W. D. Missouri, W. D.

Nov. 4, 1944.

Monte I. Rosenblum, of Kansas City, Kan., for plaintiff.

Watson, Ess, Groner, Barnett & Whittaker and George Schwegler, all of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion to dismiss in the above cause is predicated upon three grounds: First, it is asserted that the complaint fails to state a cause of action against the defendant upon which relief can be granted; second, that the complaint fails to state a cause of action over which the court has jurisdiction; and, third, that necessary and indispensable parties to the jurisdiction of the controversy are not named as parties plaintiff.

The complaint has been examined in the light of the above alleged grounds for dismissal. It is stated in the petition that, on June 27, 1942, at Idaho Falls, Idaho, the defendant negligently caused the death of one William A. Jackman. The nature of the negligence was set out in one of the paragraphs of the complaint. It is further alleged that the plaintiff here is an heir of the said William A. Jackman, deceased, and that he has brought this action, not only in his own behalf but in behalf of other heirs named by him, and who were brothers and sisters of the deceased.

1. The court takes judicial notice of the statute law of the State of Idaho. Under the laws of that state an action for wrongful death of a person (not being a minor) may be brought by "his heirs or personal representative."

It is not alleged in the petition that a personal representative, such as an administrator, has brought suit. It is assumed that the persons named as heirs would have a right to maintain the action. Under proper circumstances the court therefore would have jurisdiction of the subject matter as well as the parties if a diversity of citizenship existed. Thus far the pleadings indicate a diversity of citizenship and that the amount in controversy is well within the jurisdiction of the court.

The motion to dismiss on the first and second grounds should be overruled.

2. The only question that merits careful consideration is whether the plaintiff has a right to maintain the action as a representative of the other named heirs. This being an action at law, such procedure was not recognized until the promulgation of the new Rules of Civil Procedure for the District Courts of the United States. Rule 23, 28 U.S.C.A. fol-

lowing section 723c, covers the subject of class actions. By that rule claimants may maintain a joint action, as in this case, if the persons constituting the class "are so numerous as to make it impracticable to bring them all before the court * * *." It is only under such circumstances that a class action may be maintained in a law case.

3. The plaintiff is able to name each of the seven other heirs of the decedent. There is no reason why these interested parties should not be brought into court and made parties plaintiff. The plaintiff is not confronted with an impracticable situation. It was not the design of the rule to permit class actions as the facts are presented here. Moreover, there is no averment or an assignment of a reason why all the heirs are not made parties plaintiff.

The plaintiff ought to justify in some manner his effort to invoke this rule. Under the circumstances the case should not be dismissed, but continued, so that the plaintiff may have an opportunity to bring in all of the interested parties. Thirty days would be ample for this. Unless all of the parties are brought in within thirty days, or good reason is assigned for not doing so, the complaint will be dismissed. It will be so ordered.