MONTGOMERY WARD & CO., Inc., v. UNITED RETAIL, WHOLESALE & DEPARTMENT STORE EMPLOYEES OF AMERICA, CIO, et al.

No. 3471.

District Court, W. D. Missouri, W. D.

June 20, 1947.

John A. Barr, of Chicago, Ill., and Elton L. Marshall, of Kansas City, Mo. (Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., of counsel), for plaintiff.

Harry C. Clark, of Kansas City, Mo., for defendants.

REEVES, District Judge.

Sundry questions have been raised by the motion to dismiss. Some of these have been eliminated by the voluntary dismissal by plaintiff of its action against several named defendants. It is the theory of the plaintiff that this is an action authorized by Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, relating to class actions.

An examination of that rule does not support the contention of the plaintiff. It does not fall under either of the divisions outlined in the rule. It being a law action, any judgment recovered could not affect persons not named. It is a tort action triable to a jury.

It does not seek adjudication of claims which may affect specific property, nor is a common relief sought. The plaintiff asks judgment for tort because of alleged libels. The complaint is in many counts because of alleged published libels at different times.

The case of Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co. Inc., 8 Cir., 133 F.2d 101, states applicable principles to the facts of this case. The court there construed Rule 23 Federal Rules of Civil Procedure, 133 F.2d loc. cit. 105. The case was considered by the Court of Appeals, Eighth Circuit, and after an exhaustive review and consideration of the questions involved the court reversed the trial judge merely because he ordered the complaint dismissed. It was the theory of the court that the plaintiffs could amend their complaint so as to state causes of action against the defendant. The same ruling should be made here. The petition ought not to be dismissed but the plaintiff should be granted time to amend its complaint, if it may so desire, so as to state a cause of action for libel against the individual defendants named, and such amended complaint should in no way be designated as a class action, nor should its language partake of the nature of a class action.

The decision in the case of Jackman v. Union Pacific R. Co., D.C., 4 F.R.D. 172

rendered by the writer is not contrary to the ruling here. In that case the court permitted, as in the Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co. case, supra, an amendment of the complaint so as to bring in all of the parties purporting to be represented by him to the end that each member of the entire class would be in court.

The plaintiff will be granted until September 15, 1947, to file an amended complaint conformable to the views herein expressed, or otherwise its complaint will be dismissed.