MONTGOMERY WARD & CO., Inc. v.
LANGER et al.

No. 13668.

Circuit Court of Appeals, Eighth Circuit.

May 28, 1948.

John A. Barr, of Chicago, Ill. (Elton L. Marshall, of Kansas City, Mo., Stuart S. Ball and Brooks Wynne, both of Chicago, Ill., and Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., on the brief), for appellant.

Harry C. Clark, of Kansas City, Mo. (Keith U. Martin, of Kansas City, Kan., on the brief), for appellees.

Before SANBORN, JOHNSEN, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing the plaintiff's (appellant's) complaint in a libel action brought to recover $1,350,000 as compensatory and punitive damages. At the time of the entry of judgment there were 72 defendants, who are now the appellees. The action is against them in their individual capacity and as members of United Retail, Wholesale and Department Store Employees of America, C. I. O. (hereafter called "the International Union"), and as members of United Retail, Wholesale and Department Store Employees of America, Local 131 (which will be referred to as "the Local Union"), and as representatives of the entire membership of those two unincorporated associations or labor unions. Jurisdiction is based on diversity of citizenship. In so far as the action purports to be a class action, it is founded upon Rule 23(a) (1) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., following section 723c, which reads as follows:

"Rule 23. Class Actions.

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it."

The record on appeal, pertaining to the challenged judgment, consists of the complaint, various motions of defendants to dismiss, a motion of the plaintiff to dismiss as to some of the defendants originally named, which was granted by the District Court, a memorandum opinion of the court that the action cannot be maintained as a class action, an order that it be dismissed unless an amended complaint be filed by the plaintiff "wherein its action shall not purport to be a class action," and the final judgment of dismissal.

In its complaint the plaintiff originally named the two unions and 80 individuals as defendants. The complaint, in substance, alleges that the two unions are voluntary unincorporated associations with offices and agents in Kansas City, Missouri; that the International Union has several thousand members; that the Local Union is chartered by and affiliated with the International Union and has several hundred members, who are also members of the International Union; that the defendants Langer, Myers, Swanson and Henners are respectively the President, Vice-President, Financial Secretary and Recording Secretary of the Local Union and are residents of Jackson County, Missouri; that the two defendants Chevlin are employees and agents of the International Union and the Local Union and residents of Jackson County, Missouri; that the individual defendants are all residents of that County and are sued in their individual capacity and as members of the Inter-

national Union and of the Local Union "and as members of a class representing all other members of said associations"; that the members of each of the unions are so numerous as to make it impracticable to bring them all before the court, and that the members named as defendants fairly insure the adequate representation of all; that the plaintiff is a resident and citizen of Illinois, and the defendants are residents and citizens of the Western District of Missouri; that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000; and that the libels, which are set out in 27 separate counts of the complaint, were maliciously published in Jackson County, Missouri, by the defendants in their individual and representative capacities and by the membership of the two unions. In each count of the complaint, the plaintiff prays for judgment against the defendants for $25,000 compensatory damages and an equal amount of punitive damages.

The Local Union filed a motion to dismiss the complaint on the grounds: (1) That, under Missouri law, the Union could not be sued; (2) that it had been improperly served with process; and (3) that the controversy was not wholly between citizens of different states. The International Union filed a similar motion on similar grounds. The defendant Grant Miller filed a motion to dismiss on the grounds that he was a resident of Kansas, that the action was not maintainable against him in Missouri, and that complete diversity of citizenship did not exist. The other defendants moved to dismiss for lack of requisite diversity of citizenship.

After these motions were filed, the plaintiff dismissed the action as to the two unions and eight of the defendants, including Grant Miller. Thereafter the only issue of law raised by the defendants' motions to dismiss was whether the District Court lacked jurisdiction because complete diversity of citizenship did not exist between the parties.

After considering the defendants' motions to dismiss the court entered the following order:

"Order of District Court that Motion to Dismiss will be Sustained unless Plaintiff files an Amended Complaint.

"The motion to dismiss in the above entitled cause having been taken up for consideration and it appearing from an examination of the pleadings that the plaintiff has endeavored to proceed in an action at law under the provisions of Rule .23, Federal Rules of Civil Procedure, relating to class actions.

"And It further Appearing that the action of plaintiff cannot be maintained as a class action, and that the motion to dismiss should be sustained unless plaintiff on or before the 15th of September, 1947, shall file an amended complaint wherein its action shall not purport to be a class action. This order conforms to that made in Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co. [8 Cir.], 133 F.2d 101.

"Kansas City, Missouri, June 20, 1947."

This was followed by the judgment from which this appeal is taken, which reads as follows:

"Final Judgment.

"Plaintiff's motion to dismiss as to certain defendant filed January 21, 1947, is sustained.

"The plaintiff having failed to file an amended complaint within the time provided in the order of the court made herein on June 20, 1947, the motions to dismiss filed by various defendants on September 17, 1945, October 6, 1945, October 22, 1945, and December 1, 1945, are hereby sustained and the action is dismissed. Judgment against plaintiff for costs.

"Dated this 18th day of September, 1947."

Were it not for the memorandum opinion of the District Court, the only inference that could be drawn from the record would be that, because the plaintiff did not amend its complaint in conformity with the order of June 20, 1947, so as to assert a claim only against the defendants as individuals, the complaint was dismissed by the court for lack of a requisite diversity of citizenship. The opinion of the District Court, however, which is set out in full in

the margin,[1] indicates that, although the right of the plaintiff to maintain its action in part as a class action was not challenged by any motion to dismiss, the court considered that question and based its dismissal of the action upon the ground that Rule 23 of the Federal Rules of Civil Procedure did not apply to such a case. Upon the record presented, we think that there are only two questions which properly may be considered by this Court on review:

1. Does Rule 23(a) (1) of the Federal Rules of Civil Procedure apply to an action such as this?

2. Does the record show to a legal certainty that there is a lack of the requisite diversity of citizenship?

In reviewing the first of these questions, there are a number of considerations which must be kept in mind. Questions of law not presented to or passed upon by a trial court will not ordinarily be considered on appeal. Trapp v. Metropolitan Life Insurance Co., 8 Cir., 70 F.2d 976, 981, and cases cited. Upon motions to dismiss a complaint on the ground that the claim stated is not maintainable, the allegations of the complaint must be accepted as true. Postal Telegraph Cable Co. v. City of Newport, 247 U.S. 464, 474, 38 S.Ct. 566, 62 L.Ed. 1215; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131, 133; Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312, 316; Railway Express Agency v. Jones, 7 Cir., 106 F.2d 341, 343. We are required to view the case pleaded in the aspect most favorable to the plaintiff and most unfavorable to the defendants. Donnelly Garment Co. v. International Ladies' Garment Workers' Union, supra, 99 F.2d page 316. If, in view of what is alleged in the complaint, it reasonably can be conceived that the plaintiff could upon a trial make a case which would entitle it to some relief, its complaint should not have been dismissed. Donnelly Garment Co. v. International La-

[1] "Memorandum opinion on motion to dismiss.

"Sundry questions have been raised by the motion to dismiss. Some of these have been eliminated by the voluntary dismissal by plaintiff of its action against several named defendants. It is the theory of the plaintiff that this is an action authorized by Rule 23, Federal Rules of Civil Procedure, relating to class actions.

"An examination of that rule does not support the contention of the plaintiff. It does not fall under either of the divisions outlined in the rule. It being a law action, any judgment recovered could not affect persons not named. It is a tort action triable to a jury.

"It does not seek adjudication of claims which may affect specific property, nor is a common relief sought. The plaintiff asks judgment for tort because of alleged libels. The complaint is in many counts because of alleged published libels at different times.

"The case of Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co., Inc. [8 Cir.], 133 F.2d 101, states applicable principles to the facts of this case. The court there construed Rule 23 Federal Rules of Civil Procedure loc. cit. 105 of 133 F.2d. The case was considered by the Court of Appeals, Eighth Circuit, and after an exhaustive review and consideration of the questions involved the court reversed the trial judge merely because he ordered the complaint dismissed. It was the theory of the court that the plaintiffs could amend their complaint so as to state causes of action against the defendant. The same ruling should be made here. The petition ought not to be dismissed but the plaintiffs should be granted time to amend its complaint, if it may so desire, so as to state a cause of action for libel against the individual defendants named, and such amended complaint should in no way be designated as a class action, nor should its language partake of the nature of a class action.

"The decision in the case of Jackman v. Union Pacific R. Co., [D.C.], 4 F.R.D. 172 rendered by the writer is not contrary to the ruling here. In that case the court permitted, as in the Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co. case, supra, an amendment of the complaint so as to bring in all of the parties purporting to be represented by him to the end that each member of the entire class would be in court.

"The plaintiff will be granted until September 15, 1947, to file an amended complaint conformable to the views herein expressed, or otherwise its complaint will be dismissed.

"Kansas City, Missouri, June 20, 1947."

dies' Garment Workers' Union, supra, 99 F.2d page 312; Publicity Building Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583, 586, 587; Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412, 413, and cases cited. It is not for an appellate court to indulge in speculation as to facts which, if established, would defeat the class suit theory upon which an action is brought. Railway Express Agency, Inc., v. Jones, 7 Cir., 106 F.2d 341, 343. A suit cannot properly be dismissed as not involving a controversy within the jurisdiction of the court unless the facts of record create a legal certainty of that conclusion. Barry v. Edmunds, 116 U.S. 550, 559, 6 S.Ct. 501, 29 L.Ed. 729; Deputron v. Young, 134 U.S. 241, 252, 10 S.Ct. 539, 33 L.Ed. 923. It is only when a plaintiff's jurisdictional averments are appropriately challenged by his adversary that he has the burden of supporting them by competent proof. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135.

■ We shall first consider the question of the applicability of Rule 23(a) (1).

By the express provisions of Rule 1 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c, the rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity, with certain exceptions, of which the instant case is not one. The Act of June 19, 1934, c. 651, 48 Stat. 1064, Title 28 U.S.C.A. §§ 723b, 723c, which empowered the Supreme Court "to prescribe, by general rules, for the district courts of the United States * * * the practice and procedure in civil actions at law," provided that "The court may at any time unite the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both." On December 20, 1937, Mr. Chief Justice Hughes transmitted to the Attorney General, for submission to Congress, the Rules of Civil Procedure for the District Courts of the United States adopted by the Supreme Court pursuant to the Act of June 19, 1934, with a letter reading in part as follows: "In accordance with Section 2 of that Act [the Act of June 19, 1934] the Court has united the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both." See Manual of Federal Procedure, page VII.

Being one of the rules of civil procedure adopted by the Supreme Court, Rule 23(a) (1) is, by the express terms of Rule 1, applicable to all civil actions, whether legal or equitable. The Advisory Committee, which was appointed by the Supreme Court to assist it in the formulation of the Rules, in a note relative to subdivision (a) of Rule 23 states: "This is a substantial restatement of Equity Rule 38 (Representatives of Class) as that rule has been construed. It applies to all actions, whether formerly denominated legal or equitable." Of clause (1) of Rule 23(a), the Committee, in its notes, says: "This clause is illustrated in actions brought by or against representatives of an unincorporated association. * * * Compare Rule 17(b) as to when an unincorporated association has capacity to sue or be sued in its common name; * * *." Notes of Advisory Committee on Rules, pages 524 and 525 of 28 U.S.C.A. following section 723c; Manual of Federal Procedure, pages 168, 169.

The instant action is not one which could have been maintained against the unions in their common names, because, concededly, under Missouri law, they, as unincorporated associations, could neither sue nor be sued; and Rule 17(b) of the Federal Rules of Civil Procedure provides:

"Rule 17. Parties Plaintiff and Defendant; Capacity.

"(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may

sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

However, as Judge Parker points out in Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, 4 Cir., 148 F.2d 403, 405, Rule 23(a) provides an alternative method of bringing unincorporated associations, which cannot be sued as such, into court. He said in that case (page 405 of 148 F.2d):

"* * * Subsection a(1) of the rule [Rule 23] provides for class actions where the character of the right sought to be enforced for or against the class is joint or common and the persons constituting the class are so numerous as to make it impracticable to bring them all before the court, the typical case of suit by or against an unincorporated association. Professor Moore in Federal Practice vol. 2, p. 2235 et seq. cites suits against unincorporated associations as typical of what he calls the 'true class suit' under this rule, i. e. a suit wherein, but for the class action device, the joinder of all interested persons would be essential."

The class action was an invention of equity (Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741), mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs. See United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 387-389, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762.[2] By Rule 23 the Supreme Court has extended the use of the class action device to the entire field of federal civil litigation by making it applicable to all civil actions. The usefulness of the device in its new environment will depend largely upon the attitude of the courts. If the device is to be loaded down with arbitrary and technical restrictions, it will serve no very use-

ful purpose in the enlarged field. If, on the other hand, the courts will disregard the ancient and often arbitrary distinctions between actions at law and suits in equity and will permit the Rule to operate in all cases to which it justly and soundly may be applied, it will serve its intended purpose. Like most procedural devices, its usefulness is susceptible to being nibbled away by those who regard it as an unwelcome stranger in an unsuitable environment.

According to the allegations of the complaint in this case—which, for the purposes of review, we must accept as true— this is a typical class action; the members of the two unions are too numerous to make it practicable to bring them all before the court; those who are joined as defendants will fairly insure the adequate representation of the entire membership; and the right sought to be enforced against the class is unquestionably joint. United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 390, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Pandolfo v. Bank of Benson, 9 Cir., 273 F. 48, 50-51; State ex rel. Attorney General v. Kansas City Live Stock Exchange, 211 Mo. 181, 109 S.W. 675, 677, 124 Am.St.Rep. 776; Clarkson v. Laiblan, 202 Mo.App. 682, 216 S.W. 1029, 1034; 7 C.J.S., Associations, § 16, page 42; 4 Am.Jur., Associations and Clubs, §§ 43 and 44, pages 483, 484; 33 Am.Jur., Libel and Slander, § 198, pages 186-187; 22 Minn.Law Review, Class Suits and the Federal Rules, 34, 40.

We know of no practical reason why the procedure prescribed by Rule 23(a) (1) should not be as fair and as effective in enabling unincorporated associations to sue or be sued as is the procedure—which prevails in many jurisdictions—of permitting them to sue or defend under their common names. Where such associations have the status of legal entities, the members who act for them in bringing or defending actions are in reality the representatives of the membership as a whole.

188

■ We regard as without merit the contention of the defendants that requisite diversity of citizenship does not exist because, at the time the complaint was filed, the two unions, which had no citizenship, were named as defendants, and Leonard Levy, a Vice-President and Regional Director of the International Union, who is a citizen of Illinois and was not joined as a defendant, must be regarded as an indispensable party. We find nothing in the record upon which to base a conclusion that Leonard Levy's presence as a defendant is essential to enable the District Court to proceed with this case. An action may be dismissed as to defendants who are not indispensable, in order to bring about complete diversity of citizenship. Interstate Refineries, Inc., v. Barry, 8 Cir., 7 F.2d 548, 550; Dollar S. S. Lines, Inc., v. Merz, 9 Cir., 68 F.2d 594, 595; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, 563.

The opinion of this Court in Farmers Co-operative Oil Co. v. Socony-Vacuum Oil Co., Inc., 8 Cir., 133 F.2d 101, upon which the defendants and the District Court apparently relied, does not sustain the judgment challenged here. In that case the plaintiff, a corporation with capacity to sue, attempted to bring a class action, under Rule 23(a) (3), as the representative of stockholders. The claims of the plaintiff and its stockholders were neither joint nor common. The claims were several, and, while there were common questions of law and fact involved, common relief was not sought. We held that, while the action was not maintainable as a class action under Rule 23(a) (3), the District Court should not have dismissed it without first giving the plaintiff an opportunity to amend its complaint so as to include its own claim and the claims of those of its stockholders who wished to join with it, in a single action as authorized by Rule 20(a) relating to permissive joinder.

■ In the instant case, even if Rule 23(a) (1) were inapplicable, the complaint could not properly have been dismissed, because it states a claim against the defendants individually upon which some relief could be granted.

Our conclusion is that the plaintiff can maintain this action against the defendants individually and as a class action under Rule 23(a) (1), and that they were not entitled to a dismissal of the complaint.

■ No implications as to what the substantive law applicable to this case may be, are to be drawn from anything said in this opinion with respect to the procedural and jurisdictional problem presented by this appeal. Whether the plaintiff can produce the evidence which is necessary to establish, under Missouri law, the individual or collective liability of the members of the unions which is asserted in the complaint, is a question with which we cannot presently concern ourselves. See Sparks v. England, 8 Cir., 113 F.2d 579, 581; Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 657. This Court has said that no matter how improbable it is that a plaintiff can prove the claim stated in his complaint, he is entitled to an opportunity to make the attempt. Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302, 306; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co. of America, 8 Cir., 131 F.2d 419, 423. See, also, Sparks v. England, supra, pages 581, 582 of 113 F.2d, and Thompson v. Terminal Shares, Inc., supra, pages 655-657 of 89 F.2d.

The judgment appealed from is reversed, and the case is remanded with directions to try the issues tendered by the complaint upon the merits.

JOHNSEN, Circuit Judge (concurring specially).

I am in accord with the majority that the trial court should not have dismissed this action on the complaint, because (1) it was possible for a right to some adjudication through class representation to exist on the facts alleged in the complaint, and (2) in any event it could not be said on the facts alleged that no right to relief could at all exist against the individuals named in the complaint who had been personally served with summons. That is as far as I read the majority opinion to go.

Not to go beyond this may perhaps leave the trial court too much in the dark

on what it is expected or is at liberty to do, on a remand of the case, and particularly so in view of the prayer of the complaint. I should not want, of course, to undertake any abstract definition of the (as yet) hazy scope and utility of Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in its application to actions at law, for that, as with all new procedure, is a matter that ought to be left to a case-by-case demonstration of what it is possible for the rule to do in actual practice. I do feel, however, that we at least should not hesitate to note, for such help as it may be to the trial court and counsel, any plain reach which the complaint here has made beyond substantive boundaries in seeking to use Rule 23(a) as a procedural vehicle.

The prayer of the complaint is for a personal judgment of $1,350,000 in compensatory and punitive damages against each member of the two named labor unions. Except as to the 72 individuals upon whom service of summons was made, judgment is sought against each of the other union members on the basis of class representation.

No one has ever previously believed, I am sure, under the old equitable class action, that a federal court was entitled, on the basis of class representation alone, to enter a personal judgment of pecuniary liability against an individual who was in no other manner being brought into court. Whether as a matter of due process such representation could legally be made to constitute the basis for a personal judgment, if authorizing legislation existed, I shall not pause to consider. It is sufficient here that no jurisdiction over the person for the purpose of entering such a judgment has heretofore been recognized as existing on the basis of mere class representation. And, of course, Rule 23(a) is not intended to change previous jurisdictional concepts (see Rule 82) but only to enable the procedural device of a class action to be used as well at law as in equity, for any purpose which it can legitimately be made to serve.

Beyond the personal jurisdiction aspect, it also may be added that, as a matter of Missouri substantive law, a member of a non-profit association is not personally liable for the acts of its officers or other members unless he has participated in, authorized or ratified such acts. Stone v. Guth, 232 Mo.App. 217, 102 S.W.2d 738; Murphy v. Holliway, 223 Mo.App. 714, 16 S.W.2d 107; Meriwether v. Atkin, 137 Mo. App. 32, 119 S.W. 36; Richmond v. Judy, 6 Mo.App. 465; Ferris v. Thaw, 5 Mo. App. 279. More than mere class membership or association representation would therefore substantively be necessary to establish a liability collectible out of individual or personal estate.

I assume that it was the trial court's view that, since the complaint prayed for such a personal judgment against those members of the union who had not been served with summons, on the basis of class representation, the action could not be maintained. This, as has already been indicated, overlooked the fact that 72 members were properly served with summons and that appellant therefore was at least entitled to have the question of their personal liability adjudicated. The dismissal also failed, I think, to take into account the provision of Rule 54(c) that "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." In the spirit of this rule, I have always believed that a court should not summarily dismiss an action because it would be impossible to grant the particular relief prayed in the complaint, if a possibility existed that on a hearing of the merits some form of relief inherent in the cause of action could be granted that might be material and helpful in the situation.

While, as I have stated, appellant was not entitled to ask to recover a personal judgment against any union member on the basis solely of class representation, it could not abstractly be said that there was no possibility that the facts of the situation would show a right to any form of material and helpful class adjudication. Thus, for example, I am satisfied that it legally would be possible to adjudicate, on the basis of

class representation, whether the publications complained of were in fact union acts; whether they were libellous in the circumstances; and, if so, what pecuniary damage had been occasioned to appellant by them.

This is intended merely to illustrate the existence of possible representatively adjudicable questions and not to exhaust them. I make no intimation on whether any such representative adjudications would sufficiently serve a useful legal purpose to require the court to make them. That will be a matter for the considered judgment of the court on a trial of the case. Conceivably, such an adjudication could be a helpful step in the process of ultimately reaching any fund existing for general union purposes, where the union had been guilty of a legal wrong. Such an adjudication could probably also be made to serve as a foreclosure of all questions against the members of the union as a group, leaving open only the question in favor of each individual, who might subsequently be sued and served with summons as a basis for a personal judgment, whether he had participated in, authorized or ratified such wrongful acts as the union was found to have committed.

What I have said is, of course, applicable generally to all voluntary associations and their members, no matter what the purpose of the association may be, and it is only because the unions here involved are such associations that they are within its application.