## TORRES v. HIATT.

No. 2397.

United States District Court
N. D. Georgia, Atlanta Division.
April 5, 1949.

Daniel C. Torres, in pro. per.

J. Ellis Mundy, U. S. Atty. and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

Rule nisi issued in the above case, response was duly filed, and petitioner given sufficient time to file traverse thereto if desired. No traverse was filed.

On January 23, 1948, in the United States District Court for the District of Puerto Rico, petitioner was, upon a verdict of guilty, sentenced upon an indictment charging violation of the Mann Act to a term of three years imprisonment.

Petitioner alleges as his sole ground for writ of habeas corpus that the sentence is void because the District Court of Puerto Rico did not have jurisdiction over the offenses charged since the indictment does not allege that the transportation of the woman in question was in interstate or foreign commerce.

The Mann Act makes it unlawful to transport or cause to be transported, women for immoral purposes in interstate commerce "or in any Territory or in the District of Columbia." 18 U.S.C.A. § 398, now Title 18, Section 2421, United States Code Annotated.

The Act further provides that, "Any violation of any of sections 398 to 400 of this title shall be prosecuted in any court having jurisdiction of crimes within the district in which said violation was committed, * * * or in any Territory or the District of Columbia." 18 U.S.C.A. § 401, now Section 2421 of Title 18, United States Code Annotated.

Puerto Rico is a Territory in the sense in which this word is used in the Act and the District Court of the United States for Puerto Rico clearly had jurisdiction of the offenses charged. People of Puerto Rico v. Shell Co., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235; Sun Chong Lee v. United States, 9 Cir., 125 F.2d 95.

This very question has been explicitly determined by the Supreme Court in the case of United States v. Beach, 324 U.S. 193, 65 S.Ct. 602, 89 L.Ed. 865. There is a full discussion of the question in this case and the citation of other applicable authorities.

There is no merit in this contention of petitioner, and no other ground which would sustain the writ of habeas corpus has been established.

Whereupon, It Is Considered, Ordered And Adjudged that said application for writ of habeas corpus be, and same is, hereby denied and the petition dismissed.