## WHITE v. QUISENBERRY et al.
### No. 8108.

United States District Court
W. D. Missouri, W. D.
May 25, 1953.

Lawrence R. Brown, John J. Fallon, Kansas City, Mo., David W. Carson, Kansas City, Kan., for plaintiff.

Clif. Langsdale, Gibson Langsdale, John J. Manning, Kansas City, Mo., for defendants.

RIDGE, District Judge.

This is an action for assault and battery, wherein plaintiff seeks recovery against the above-named defendants, individually, and as representatives of the full membership of Local Union No. 955, Teamsters, Chauffeurs and Drivers, A. F. of L. (or, more correctly, Local Union No. 955, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L.), an unincorporated labor association. The assault and battery is alleged to have been committed by the individual defendants while acting within the due course and scope of their employment, for the union and the individual members thereof, and in furtherance of their business. Defendants, as representatives of the union, presently move to dismiss plaintiff's complaint insofar as it asserts a cause of action against the union, on the ground that said union is "an unincorporated labor organization and, as such, it is not subject to be sued and no valid judgment can be entered against it under the laws of the State of Missouri."

Though in part unartfully phrased, we do not believe plaintiff's complaint professes or undertakes to join the union as a party defendant to this action. Rather, plaintiff has instituted an action against the defendants individually and as members of a class pursuant to Fed.Rules Civ. Proc. rule 23 (a) (1), 28 U.S.C.A.

As defendants correctly point out, under the laws of the State of Missouri, an unincorporated labor association cannot sue or be sued in its common name, since it is not considered a legal entity. Aalco Laundry & Cleaning Co. v. Laundry Linen & Towel Chauffeurs & Helpers, Union, Local No. 366, Mo.App.1938, 115 S.W.2d 89; Montgomery Ward & Co., Inc. v. Langer, 8 Cir., 1948, 168 F.2d 182; also see 4 Am.Jur., Associations and Clubs, Sec. 46. But that is not to say that the members of such an association cannot be held liable, in a representative or class action, for wrongful acts of their agents, acting in the course and scope of their employment, or which may have been ratified by them. The law of Missouri is "That the members of a union are liable for the acts of its officers and agents when acting for the union and within the scope of their authority". F. C. Church Shoe Co. v. Turner, 218 Mo.App. 516, 279 S.W. 232, 237; Clarkson v. Laiblan, 202 Mo.App. 682, 216 S.W. 1029, 1033. The doctrine of virtual representation, insofar as it applies to voluntary, unincorporated associations, has long been a part of the established law of Missouri, as to action at law and in equity. Clarkson v. Laiblan, supra; F. C. Church Shoe Co. v. Turner, supra; Robinson v. Nick, 1940, 235 Mo.App. 461, 136 S.W.2d 374; Aalco Laundry & Cleaning Co. v. Laundry Linen & Towel Chauffeurs & Helpers Union, Local No. 366, supra; Montgomery Ward & Co., Inc., v. Langer, supra. Sec. 507.070, subd. 1(3) MoRS 1949, V.A.M.S., pertaining to so-called hybrid class action, provides that the section shall not be construed to affect the rights or liabilities of labor unions to sue or be sued. Consequently, the doctrine of virtual representation in true class actions, as it existed at the time Sec. 507.070 was passed, remains part of the law of said State, as the above-cited authorities bear witness. See also, State ex rel. Allai v. Thatch, Judge, 361 Mo. 190, 234 S.W.2d 1, 8.

The application of the virtual representation doctrine, originally an equity device, has been made possible in federal practice by virtue of Rule 23, Fed.Rules

Civ.Proc., 28 U.S.C.A., which provides as follows:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is (1) joint, or common, * * *."

Since the passage of Rule 23(a) (1), some confusion has arisen as to the scope of its application. At first, some authorities thought that it should be accorded no broader scope than the doctrine of virtual representation itself, and thus be confined to class actions sounding only in equity. The reason for this point of view was the time-honored rule that a judgment rendered in a law action cannot affect a person not actually named as a party therein. Montgomery Ward & Co., Inc., v. United R., W. & D. S. Employees, D.C. Mo.1947, 7 F.R.D. 289; later reversed in Montgomery Ward & Co. v. Langer, 8 Cir., 168 F.2d 182. However, it is noteworthy that the Supreme Court Advisory Committee, which helped formulate the Federal Rules, interpreted Rule 23(a) (1) as applying to all civil actions without showing deference to distinctions formerly existing between actions at law and those in equity. Furthermore, the committee cited a class action against the representatives of an unincorporated labor union as a typical example of the way Rule 23(a) (1) can be utilized. See Notes of Advisory Committee on Rules, following Rule 23, 28 U.S.C.A.

The most lucid exposition we have yet found supporting a broad application of Rule 23(a) to all civil actions is Montgomery Ward & Co., Inc. v. Langer, supra. In that diversity case, also a class action arising in Missouri, sounding in tort against the representatives of members of an unincorporated labor association, the 8th Circuit Court of Appeals, speaking through Judge Sanborn, stated as follows, 168 F.2d loc. cit. 187:

"The class action was an invention of equity * * *, mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs. * * * By Rule 23 the Supreme Court has extended the use of the class action device to the entire field of federal civil litigation by making it applicable to all civil actions. The usefulness of the device in its new environment will depend largely upon the attitude of the courts. If the device is to be loaded down with arbitrary and technical restrictions, it will serve no very useful purpose in the enlarged field. If, on the other hand, the courts will disregard the ancient and often arbitrary distinctions between actions at law and suits in equity and will permit the Rule to operate in all cases to which it justly and soundly may be applied, it will serve its intended purpose. Like most procedural devices, its usefulness is susceptible to being nibbled away by those who regard it as an unwelcome stranger in an unsuitable environment."

Although in the instant action plaintiff seeks redress against the named defendants, individually, he also seeks redress against them jointly, as representatives of a stated class. He not only alleges the impracticality of bringing all members of the class into the action, but further alleges the adequacy of the representation and the absence of collusion. Although by former standards this is an action at law, it is nevertheless a "civil action", one allowed by the laws of the State of Missouri, and thus within the contemplated scope of Rule 23(a) (1), when said rule is applicable in diversity actions.

The fact that fictitiously named persons have been designated as parties defendant, should in no way subtract from

the sufficiency of plaintiff's complaint. The representative capacity of said parties is fully disclosed and, upon the ascertainment of their true identity, there is no reason why they may not be joined as parties defendant herein. If all officers of an unincorporated labor union upon whom service of process may be had are made parties to an action such as the instant one, we do not perceive any valid attack being made as to the adequacy of representation so as to bind the individual members of the union for a certainty to the extent of any corporate interests they may have, to respond in damages for torts authorized or ratified by them. Cf. United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975.

In view of the foregoing, defendants' motion to dismiss must be, and hereby is, overruled. It is so ordered.